1
2

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

3
4

OSCAR RODRIGUEZ-OCASIO,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1744 (JAF)

(Crim. No. 11-560-02)

5
6

**OPINION AND ORDER**

7      Petitioner Oscar Rodríguez-Ocasio ("Rodríguez-Ocasio") comes before the court

8    with a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we

9    imposed in Criminal No. 11-560-02.  (Docket No. 1.)  We deny his petition because it is

10    time-barred under the statute and because we do not find justification for employing the

11    doctrine of equitable tolling.

12                **I.**

13             **Background**

14      On December 7, 2011, a grand jury indicted Rodríguez-Ocasio on eleven counts of

15    unauthorized use of a credit card effecting transactions valued at more than one thousand

16    dollars in violation of 18 U.S.C. §§ 1029(a)(5), 1029(c)(1)(A)(ii), and 2. The grand jury

17    also indicted him on eleven counts of aggravated identity theft in violation of 18 U.S.C.

18    §§ 1028A, 1029(a)(5), 1029(c)(1)(A)(ii), and 2.  (Crim. No. 11-560; Docket No. 14.)  On

19    February 14, 2012, Rodríguez-Ocasio pleaded guilty to one count of aggravated identity

20    theft and one count of unauthorized use of a credit card effecting transactions valued at

21    more than one thousand dollars.  (Crim. No. 11-560, Docket Nos. 89, 90.)  On May 14,

22    2012, we sentenced Rodríguez-Ocasio to twenty-four months for identity theft and twelve

1    months for unauthorized credit card use, to be served consecutively, followed by three

2    years of supervised release.  (Crim. No. 11-560; Docket No. 127.)  The judgment was

3    entered on May 15, 2012.  Id. On October 2, 2013, Rodríguez-Ocasio filed the instant

4    petition to vacate his sentence under 28 U.S.C. § 2255.  (Docket No. 1.)  On October 24,

5    2013, the government opposed his petition.  (Docket No. 3.)  On November 13, 2013,

6    Rodríguez-Ocasio replied.  (Docket No. 4.)

7                                               **II.**

8                                          **Jurisdiction**

9              Rodríguez-Ocasio is currently in federal custody having been sentenced by this

10    district court, as required by 28 U.S.C. § 2255.  To file a timely motion, Rodríguez-

11    Ocasio had one year from the date his judgment became final.  28 U.S.C. § 2255(f).  In

12    the absence of an appeal, his judgment became final fourteen days after the entry of

13    judgment.  Fed R. App. 4(b)(1)(A)(i).  Because his sentence was entered on May 15,

14    2012, and because he did not file a notice of appeal, judgment became final on May 29,

15    2012.  Rodríguez-Ocasio had until May 29, 2013, to file a petition under Section 2255,

16    but did not file until November 13, 2013.  Therefore, Rodríguez-Ocasio's petition is time-

17    barred and we lack jurisdiction to decide this case.

18                                              **III.**

19                         **Arguments for Equitable Tolling**

20            Rodríguez-Ocasio argues that we should employ the doctrine of equitable tolling

21    to overcome the time bar. (Docket No. 1-1.)  The doctrine of equitable tolling "enables a

22    court to extend a statute of limitations for equitable reasons not acknowledged in the

23    language of the statute itself."  Holmes v. Spencer, 685 F.3d 51, 61-62 (1st Cir. 2012).

24    However, "equitable tolling should only be invoked 'sparingly'" and should only be used

1    in "extraordinary circumstances."  Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir.

2    2004).  To avail himself of equitable tolling in the habeas context, a petitioner must show

3    "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

4    circumstance stood in his way' and prevented timely filing." Holmes, 685 F.3d at 62

5    (quoting Holland v. Florida, 560 U.S. 631 (2010)).

6          Rodríguez-Ocasio asserts that his counsel, Guillermo A. Macarí-Grillo ("Macarí-

7    Grillo"), told him that he would file an appeal.  Several months after sentencing,

8    Rodríguez-Ocasio claims that he wrote a letter to Macarí-Grillo regarding the appeal, but

9    his letter was never answered.  Rodríguez-Ocasio says that several weeks after that, he

10   wrote the Clerk's office regarding the status of the appeal, but that that letter also went

11   unanswered.  (Docket No. 1-2.)  On May 29, 2013, his time to file a 2255 petition

12   expired.  See 28 U.S.C. § 2255(f). On or about August 1, 2013, Rodríguez-Ocasio spoke

13   with the Clerk's office in the District of Puerto Rico, and was told that Macarí-Grillo had

14   filed a motion to withdraw from his case and had not filed any appeals.  (Docket No. 1-

15   2.)  Therefore, in the one-year statute of limitations period, Rodríguez-Ocasio claims to

16   have sent two letters.

17         The Supreme Court found diligence in a case where petitioner "not only wrote his

18   attorney numerous letters seeking crucial information and providing direction; he also

19   repeatedly contacted the state courts, their clerks, and the Florida State Bar Association."

20   Holland, 560 U.S. at 653.  We doubt that Rodríguez-Ocasio's efforts –sending one letter

21   to his counsel and one letter to the Clerk of the Court -- are sufficient to constitute the

22   diligent pursuit of his rights.   Further, his claim fails under the next prong of the analysis.

23         Rodríguez-Ocasio argues that "the 'extraordinary circumstances' at issue involve

24   an attorney's failure to satisfy professional standards of care owed to his clients' case."

1   (Docket No. 1-1 at 8.)   There is no bright-line standard for when attorney negligence

2   becomes an "extraordinary" instance.  However, the First Circuit has noted that equitable

3   tolling may apply in habeas cases "where a prisoner was 'actively mislead' in a way that

4   caused him to miss the filing deadline."   <u>Holmes</u>, 685 F.3d at 65 (internal citation

5   omitted).  There is no suggestion that Rodríguez-Ocasio was actively mislead in this case.

6   He simply did not receive a response after allegedly sending one letter to his attorney and

7   one letter to the Clerk of the Court.   This is insufficient to serve as an "extraordinary

8   circumstance" justifying the use of equitable tolling.

9        Therefore, this court has no authority to consider Petitioner's present 2255 motion,

10   and it must be dismissed.

11                              **IV.**

12                      **<u>Certificate of Appealability</u>**

13

14        In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever

15   issuing a denial of § 2255 relief we must concurrently determine whether to issue a

16   certificate of appealability ("COA").  We grant a COA only upon "a substantial showing

17   of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing,

18   "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

19   assessment of the constitutional claims debatable or wrong." <u>Miller-El v. Cockrell</u>, 537

20   U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).   While

21   Rodríguez-Ocasio has not yet requested a COA, we see no way in which a reasonable

22   jurist could find our assessment of his constitutional claims debatable or wrong.

23   Rodríguez-Ocasio may request a COA directly from the First Circuit, pursuant to Rule of

24   Appellate Procedure 22.

1        **V.**

2        **<u>Conclusion</u>**

3        For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket

4    No. 1).   Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary

5    dismissal is in order because it plainly appears from the record that Petitioner is not

6    entitled to § 2255 relief from this court.

7        **IT IS SO ORDERED.**

8        San Juan, Puerto Rico, this 19th day of March, 2014.

9                                                <u>S/José Antonio Fusté</u>
10                                               JOSE ANTONIO FUSTE
11                                               U. S. DISTRICT JUDGE